IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kevin C. Bradley, | ) | C/A No.: 6:17-672-JFA-KFM |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden, Lieber Correctional Institution, | ) | |
| Respondent. | ) | |

Kevin C. Bradley ("Petitioner"), a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for Review.

Petitioner filed his § 2254 petition ("Petition") on March 13, 2017. (ECF No. 1). Thereafter, Petitioner filed an amended petition on May 4, 2017. (ECF No. 21). On July 6, 2017, the Respondent Warden filed a motion for summary judgment. (ECF No. 28). On that same day, the Court issued an order to Petitioner pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) explaining the procedures necessary to respond to a summary judgment motion. (ECF No. 30). The *Roseboro* Order provided that Petitioner must file his response by August 7, 2017. (ECF No. 30). However, Petitioner did not file a response to the Motion.

1

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Respondent's Motion for Summary Judgment (ECF No. 28) should be granted. (ECF No. 38 p. 38). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Petitioner was advised of his right to object to the Report, which was entered on the docket on January 31, 2018. The Magistrate Judge required Plaintiff to file objections by February 14, 2018. (ECF No. 38). However, Plaintiff failed to file any objections to the Report. Thus, this matter is ripe for review

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

adopts the Magistrate's Report and Recommendation (ECF No. 38). Therefore, Respondent's Motion for Summary Judgment is granted, and Petitioner's § 2254 Petition is denied. Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

February 20, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."