IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kevin C. Bradley, | ) | C/A No.: 6:17-672-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

**I.    Introduction**

Kevin C. Bradley ("Petitioner"), a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Respondent's Motion for Summary Judgment (ECF No. 28) should be granted. (ECF No. 38 p. 38). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

those facts and standards without a recitation. Petitioner was advised of his right to object to the Report, which was entered on the docket on January 31, 2018. (ECF No. 38). The Magistrate Judge required Plaintiff to file objections by February 14, 2018. (ECF No. 38). Petitioner filed a Motion for extension of time on February 16, 2018, and the Court granted the Motion on February 21, 2018. (ECF No. 46). Petitioner subsequently filed his objections on March 2, 2018. (ECF No. 49). Thus, this matter is ripe for review.

## II. Discussion

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner attempts to make several objections to the Report (ECF No. 49), most of which are repetitions of Petitioner's assertions in his Petition (ECF No. 21). Petitioner's assertions are vague, and none could be construed as definite enough to constitute an objection. However, the objections are addressed below. Each is without merit.

### A. *Objection 1*

In his first objection, Petitioner reasserts an argument from his earlier petition (ECF No. 21 p. 22)—that Petitioner did not knowingly and voluntarily waive his right to a direct appeal; that trial counsel did not consult with him about an appeal; and that he

2

asked counsel to file an appeal. (ECF No. 49 p. 2–4). He asserts that the Magistrate erred, as well as the Post-Conviction Relief Court ("PCR court"), in finding that trial counsel was not ineffective for failing to file an appeal or notice of an appeal. (ECF No. 49 p. 2–3). Petitioner, however, makes no specific objection to the Magistrate's Report. Moreover, the PCR court clearly established that Petitioner "knowingly and intelligently waived his right to a direct appeal." *See* (ECF No. 29-3 p. 59). Therefore, Petitioner's argument is without merit.

### B. *Objection 2*

In his second objection, Petitioner builds onto his first objection, claiming that the PCR court erred in determining that trial counsel's testimony was credible and Petitioner's was not. (ECF No. 29-3 p. 59). However, simply claiming that the finding "should be overturned" (ECF No. 49 p. 4) does not constitute a specific objection. Moreover, unless the PCR court's determination regarding Petitioner's credibility is clearly an error, this Court should not disturb its findings. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011). Here, there is no such error. Therefore, Petitioner's argument is without merit.

### C. *Objection 3*

In Petitioner's third argument, much like the first and second, he attacks trial counsel's testimony again. (ECF No. 49 p. 5). However, as discussed above, the PCR court determined that trial counsel's testimony was reliable. Moreover, Petitioner's assertion does not constitute a specific objection. Therefore, this argument is without

merit.

### D.     Objection 4

In his fourth objection, much like the third objection, Petitioner again attacks trial counsel's testimony at the PCR hearing, claiming that "the Magistrate should have ordered an evidentiary hearing" to determine whether trial counsel was ineffective. (ECF No. 49 p. 5). This is not a specific objection, and this argument is without merit.

### E.     Objection 5

Petitioner's fifth argument is difficult to discern. He is apparently arguing that counsel was ignorant of the law regarding *Batson* challenges. (ECF No. 49 p. 7). Moreover, he is reasserting his earlier arguments (ECF No. 21 p. 17–19)—that his reasons for striking jurors were both race and gender neutral and "that his strikes of potential jurors was not pretextual." (ECF No. 49 p. 6). However, the PCR court held a hearing on this very issue and determined that Petitioner's strikes were, in fact, pretextual, and that his counsel was not ineffective regarding the *Batson* hearing. *See* (ECF No. 29-3 p. 38–53). Petitioner has made no specific objections regarding this argument. Therefore, this argument is without merit.

### F.     Objection 6

In his sixth objection, much like the fifth, Petitioner argues that his juror strikes were not gender or racially motivated; counsel should have made more specific arguments during the *Batson* hearing; and that counsel "lacked understanding" about *Batson* challenges. (ECF No. 49 p. 7–8). These are the same arguments Petitioner made

in his Petition. (ECF No. 21 p. 17). Petitioner makes no specific objections in his assertion. Therefore, this argument is without merit.

## G.     *Objection 7*

In his seventh objection, Petitioner argues that "the record clearly reflects that trial counsel was ineffective during the *Batson* hearing." (ECF No. 49 p. 8). Again, this is a reassertion of his original arguments. (ECF No. 21 p. 17). Petitioner makes no specific objections. Therefore, this argument is without merit.

## H.     *Objection 8*

In his eighth objection, Petitioner merely asserts that the Magistrate's conclusion in the Report was incorrect because Petitioner objects to the testimony of Barbara Greggs, a State's witness. (ECF No. 49 p. 8). Petitioner simply reasserted the argument from his Petition. (ECF No. 21 p. 18). Petitioner makes no specific objections. Therefore, this argument is without merit.

## I.     *Objection 9*

In his ninth objection, Petitioner argues with the Magistrate's conclusion in Ground Four (ECF No. 38 p. 28). (ECF No. 49 p. 9). Petitioner asserts that he "was not made aware of the more serious charge brought in the indictment until immediately before trial," and thus his counsel was ineffective for not requesting a continuance. (ECF No. 49 p. 9). Again, Petitioner is merely reasserting earlier arguments (ECF No. 21 p. 21). He has not made a specific objection. Therefore, his argument is without merit.

## J.     *Objection 10*

In his tenth objection, Petitioner asserts that the Magistrate's conclusion was incorrect regarding Trina Hamlet's testimony (ECF No. 38 p. 31). (ECF No. 49 p. 9). In his Amended Petition, Petitioner claimed that Trina Hamlet's testimony was hearsay and that counsel should have objected to her testimony. (ECF No. 21 p. 19). He makes the same argument in his tenth objection. (ECF No. 49 p. 9). He has made no specific objection to the Magistrate's Report. Therefore, this argument is without merit.

*K.     Objection 11*

In his eleventh objection, Petitioner objects to Ground Six of the Report (ECF No. 38 p. 34). (ECF No. 49 p. 10). Petitioner merely reasserts an earlier argument—that Robin Tyler Griggs was not qualified as an expert and that her testimony was hearsay. (ECF No. 49 p. 10); (ECF No. 21 p. 19, 20). Petitioner has made no specific objections. Therefore, this argument is without merit.

*L.     Objection 12*

In his twelfth objection, Petitioner argues that "[t]he Magistrate erred in failing to hold an evidentiary hearing on Grounds One, Grounds Two, Ground Four, Ground Five, Ground Six and Ground Seven where the record was clear that the facts are in dispute." This is not a specific objection to the Report. Therefore, this argument is without merit.

**III.    Conclusion**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court

adopts the Magistrate's Report and Recommendation (ECF No. 38).

Therefore, Respondent's Motion for Summary Judgment is granted, and Petitioner's § 2254 Petition is denied. Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

March 6, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."